**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4347**

---

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RONALD FLOYD COGDILL,

            Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:94-cr-00474-HMH-5)

---

Submitted:  September 24, 2008      Decided:  November 10, 2008

---

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Floyd Cogdill appeals the district court's judgment revoking his supervised release and imposing a sentence of fifteen months' imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion in revoking supervised release. Counsel also questions whether Cogdill's sentence is reasonable. Cogdill was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responding brief.

Initially, Cogdill contends that the district court erred in finding that he violated the terms of his supervised release by committing a new crime. We review the district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2008). As Cogdill admitted that he engaged in new criminal conduct while on supervised release, and defense counsel disclosed that Cogdill pled guilty in state court to possession of a controlled substance, we conclude the district court's decision to revoke supervised release was not an abuse of discretion.

Cogdill also contends that his sentence is unreasonable. A sentence imposed after revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We must initially determine the reasonableness of the revocation sentence by generally following the procedural and substantive considerations employed in a review of original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If the revocation sentence is not unreasonable, it will be affirmed; however, if the sentence is in some manner procedurally or substantively unreasonable, there must be a determination of whether it is plainly so. Id. at 439.

During the revocation hearing, the district court had available for its consideration the supervised release violation worksheet which noted the advisory imprisonment range provided under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2007). The court heard argument from Cogdill's counsel and discussed its concern over the rapidity with which Cogdill returned to misconduct similar to that committed in his past. While the court did not specifically reference 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) when announcing its sentence, it is evident from the record that the court looked to Cogdill's history and characteristics, the need for deterrence, and the need to protect the public from

3

further crimes. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating district court need not explicitly address each § 3553(a) factor or refer to the statute); see also Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007). Therefore, because Cogdill's sentence was within the advisory range and below the statutory maximum, we conclude the sentence was not unreasonable, much less plainly so.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED